This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 30 August 2000 as:
 STIPULATIONS
1. Defendant regularly employs three or more employees and is bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Industrial Commission has jurisdiction over the parties and all parties have been properly named in this action.
3. Defendant was non-insured at the time of the automobile accident of 19 September 1996, the subject of this claim.
4. Plaintiff's average weekly wage was $325.70 at the time of the accident that is the subject of this claim, yielding a compensation rate of $217.14.
5. Plaintiff was involved in an automobile accident on 19 September 1996.
6. Plaintiff has not worked for defendant since 25 October 1997.
7. The only issue in dispute in this matter presently is whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, plaintiff was 46 years old. Plaintiff was a high school graduate and at the time of the hearing before the Deputy Commissioner was taking classes in computer-assisted design. These classes were being funded through vocational rehabilitation.
2. Plaintiff began working for defendant as an auto mechanic in August 1996, about the time the business was founded. Dewey Smith was the owner of the business, which was sometimes referred to as Dewey's Auto Service. In his position, plaintiff sometimes picked up automobile parts from suppliers such as Car Quest. Plaintiff might have done this once per week if nobody else was available.
3. On 19 September 1996, Car Quest was sponsoring a barbeque lunch as part of a grand opening. Dewey Smith had eight tickets for free barbeque lunches. Dewey Smith planned to go pick these lunches for distribution to his employees. There was also a part at Car Quest that needed to be picked up.
4. Smith and plaintiff went in a car owned and driven by Dewey Smith to go to Car Quest for both business and personal purposes. Car Quest was approximately 12 to 13 minutes of driving time away. Dewey Smith and plaintiff collected the lunches and the part and got back into Smith's car to return to defendant's place of business, with Smith driving.
5. On the trip back to defendant's place of business, the vehicle driven by Dewey Smith with plaintiff as a passenger was rear-ended as it was stopped on Memorial Drive. Plaintiff felt his neck snap and felt pain in his neck and lower back.
6. When plaintiff accompanied Dewey Smith to Car Quest on 19 September 1996, there was a benefit to Mr. Smith and his business. Plaintiff helped Smith pick up the free lunches for the other employees. The employees thereby did not have to leave their work stations to get lunch. Furthermore, plaintiff's help in the lunch delivery promoted good morale among Smith's employees, who were receiving a free lunch delivered to them.
7. As customers of Car Quest, Dewey Smith's business was taking advantage of the good will offered by the free barbecue lunches. Plaintiff's help in picking up these lunches helped promote cordial business relations with one of defendant's suppliers with whom plaintiff had regular contact.
8. On 19 September 1996, Dewey Smith had not purchased workers' compensation coverage for his employees. Smith purchased such insurance sometime in November 1996 and has had a policy continually in effect since then.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
On 19 September 1996, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant Mechanics of Greenville. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
This case shall be immediately reset before Deputy Commissioner Kim L. Cramer for a determination of the remaining issues, including the nature of and extent of any injuries sustained by plaintiff due to the accident of 19 September 1996, potential compensation owed for any resultant disability, as well as the imposition of any appropriate penalties pursuant to N.C. Gen. Stat. § 97-94.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ DIANNE SELLERS COMMISSIONER